Case 2:12-cv-07692-GAF-CW   Document 5   Filed 10/15/12   Page 1 of 3   Page ID #:63
LASC, West District
Case No.: 12U01874
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7692 GAF (CWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | Skyline Vista Equities, LLC v. Kelvin L. Scott Sr. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

### ORDER REMANDING CASE

### I.
### INTRODUCTION & BACKGROUND

Plaintiff Skyline Vista Equities ("Skyline") filed this unlawful detainer action against Defendant Kelvin L. Scott Sr. and Does 1-10 in Los Angeles County Superior Court. (Docket No. 1 [Not. of Removal], Ex. 2 [Compl.].) Plaintiff alleges that it purchased Defendant's real property in Los Angeles, California by virtue of a lawful foreclosure sale on January 10, 2012, that Defendant refused to quit the premises, and that Plaintiff has accrued damages at the rate of $96.67 per day since May 4, 2012. (Id. ¶¶ 12-13, 19.) Defendant Billy Wallace, appearing as a Doe defendant, removed the action to this Court on September 7, 2012, asserting this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), and 1332 (diversity jurisdiction). (Not. of Removal ¶¶ 3–12.) However, for the reasons set forth below, the Court concludes that Defendant has failed to establish this Court's subject matter jurisdiction. Accordingly, the Court **REMANDS** the case to state court.

### II.
### DISCUSSION

**A. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7692 GAF (CWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | Skyline Vista Equities, LLC v. Kelvin L. Scott Sr. et al | | |

pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b). "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29. However, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

Additionally, federal courts have jurisdiction on the basis of diversity of citizenship where the amount in controversy exceeds $75,000 and the matter is between citizens of different states. See 28 U.S.C. § 1332(a).

**B. APPLICATION**

**1. FEDERAL QUESTION JURISDICTION**

Defendant contends that the Court has jurisdiction under 28 U.S.C. § 1331. (Not. of Removal ¶¶ 8–12.) It is undisputed, however, that Plaintiff's complaint does not explicitly plead a federal cause of action. Nor is there any basis for finding that Skyline engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as arising under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7692 GAF (CWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | Skyline Vista Equities, LLC v. Kelvin L. Scott Sr. et al | | |

state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). "An unlawful detainer action is a true state law claim." Homesales, Inc. v. Frierson, No. CV 08-08607 MMM (FMOx), 2009 WL 365663, at *2 n. 8 (C.D. Cal. Feb. 11, 2009).

Therefore, even though Defendant asserts a Fourteenth Amendment defense, (Not. of Removal ¶¶ 8-10.), removal jurisdiction is lacking. See Valles, 410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."); see also U.S. Nat'l Ass'n v. Almanza, No. 1:09–CV–28 AWI DLB, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question"). Accordingly, the Court determines that it does not have federal question jurisdiction over this case.

**2. DIVERSITY JURISDICTION**

Defendant alleges that the Parties are citizens of different states but fails to affirmatively allege either side's state of citizenship. (Not. of Removal ¶¶ 3–7.) Moreover, Defendant cannot, in any event, meet the amount in controversy requirement. Because Plaintiff is seeking damages in daily rent ($96.67 per day since May 4, 2012), the appropriate dollar amount in determining the amount of controversy is the rental value of the property, not the value of the property as a whole. Bally Total Fitness Corp. v. Contra Costa Retail Ctr., 384 B.R. 566, 571 (Bkrtcy. N.D. Cal. 2008). Although Defendant vaguely alleges that his own damages exceed $75,000, (Not. of Removal ¶ 7.), the amount in controversy is determined from the face of the complaint. See, e.g., Cabot v. Combet-Blanc, No. CV 10–05728–ODW (AJWx), 2012 WL 95613, at *2 (C.D. Cal. Jan. 11, 2012). Thus, Defendant cannot establish the minimum amount in controversy. Accordingly, diversity jurisdiction is lacking in this case.

**III.
CONCLUSION**

For the foregoing reasons, Defendant has not established federal subject matter jurisdiction in this case. Accordingly, the Court **REMANDS** the action to Los Angeles County Superior Court. The papers filed by Skyline, (Docket No. 4, Motion to Remand), are mooted by this order and the hearing presently scheduled for October 29, 2012 is hereby **VACATED**.

**IT IS SO ORDERED.**